The opinion of the court was delivered by
White, J.
Tucker, Carter & Co., being holders of a note of R. T. Keene, secured by mortgage, obtained on the second of June, 1873, a judgment thereon with recognition of mortgage. On the fourth of April, 1874, the mortgaged property was sold for taxes and bought by plaintiffs. In May, 1874, Tucker, Carter & Co. seized under fi. fa. and the plaintiffs enjoined, claiming ownership under their tax title.
Many questions have been raised in argument of counsel as to the validity of the tax sale as to whether before the expiration of the delay for redemption it was sufficiently inchoate so as to compel the creditor to attack it directly, upon all of which we need express no opinion, as our conclusion on one point alone is decisive of the case. On the third of *331 October, 1874, J. W. Montgomery, Esq., the counsel for Tucker, Carter & Co., called on Messrs. Montgomery & Deloney and tendered an amount adequaté to redeem the property. He was asked whom he represented in making the tender, and upon his answering that he made the tender in the name of Keene, he was told that if he represented Keene he could redeem, and to use the language of one of the plaintiffs, “it being our opinion that he did not represent Keene, the matter went over.” We think the tender should have been accepted, and that being made in the name of Keene was no objection to its validity. True, the mortgage creditor might have offered to redeem in his own name, but it is equally true that as such creditor he was for the purposes of the tender invested with the rights of Keene, was in fact his implied legal mandatary to that end. We understand from the conduct of the parties that the tender was practically refused if made in the name of the mortgage creditors, because although the plaintiffs knew when the tender was made that the one making it was the attorney of the mortgage creditors, who were then seeking to enforce their mortgage, the tender was refused unless made as the representative of Keene. The intention must have been'to refuse the tender if Keene was only represented in consequence of the rights of the mortgage creditor as such, because although these rights were known the tender was refused because in the opinion of the holders of the tax title the mortgage creditor did not as such represent the divested owner for the purposes of redemption. These conclusions are made manifest when it is noted that the offer and refusal were made before this court had recognized the right of a mortgage creditor to redeem. The tender having been improperly refused, of course it was for all the purposes of the defendant’s rights just as if it had been accepted, and the only question remaining for our conclusion is the consequences of the tender upon the rights of the parties. Whether a tax title is inchoate or not until the delay for redemption need not, as we have said, be now examined, because whatever may be the law on that subject, there can be no doubt that the right of redemption sprang into being from the very fact of the sale, and became attached to it as a dissolving condition. O. C. 2045. This being the case, every obstacle, if any existed, to the execution of the mortgage, was removed, and as the evidence of the tender after the seizure was received without objection, we consider that at least from that date the seizure was valid.
The defendant has both orally and by brief urged all his other defenses only in case the tender should be found insufficient, and we are therefore dispensed from passing on the many claimed absolute nullities in the tax sale as well as on the right to seize prior to the making of the tender.
*332 It is therefore ordered, adjudged, and decreed that the judgment of the lower court be and the same is hereby reversed, and, proceeding to render such judgment as should have been rendered by the lower court, it is ordered, adjudged, and decreed that the validity of the tender made by defendant of the amount required to redeem the property sold at tax sale be and the same is hereby recognized, and it is further ordered that upon payment by defendant herein of the amount required to redeem, with five per cent interest thereon from the third day of October, 1874, the injunction be dissolved; the costs up to the third of October, 1874, to be paid by the defendant herein, those subsequent thereto to be borne by the plaintiff.